UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CAMERON SOTO,<br><br>    Plaintiff,<br><br>vs.<br><br>KEITH SEYMOUR and KEVIN JOYCE<br><br>    Defendants | 2:19-cv-00269-JDL |

**ANSWER AND JURY DEMAND OF
DEFENDANT KEITH SEYMOUR**

NOW COMES Defendant, Keith Seymour, by and through counsel, and answers Plaintiff's Complaint as follows:

**I.    THE PARTIES TO THIS COMPLAINT**

A.    Defendant Seymour is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

B-1.    Defendant Seymour denies the allegations contained in this paragraph of Plaintiff's Complaint and demands strict proof thereof.

B-2.    Defendant Seymour is without sufficient information to admit or deny the allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

**II.    BASIS FOR JURISDICTION**

This section of Plaintiff's Complaint seeks a conclusion of law to which no answer is required of this Defendant. Defendant denies the allegations that he

violated any statutory, Constitutional or other duty to the Plaintiff and demands strict proof thereof. Defendant specifically denies the allegation in Subsection (A) that either Defendant violated the cited statute.

### III.   STATEMENT OF CLAIM

Defendant Seymour denies all of the allegations contained in this section of Plaintiff's Complaint and the attachment and demands strict proof thereof. Further, a copy of the referenced grievance file was not attached to the copy of the Complaint served on this Defendant.

### IV.   CLAIMS FOR RELIEF

Defendant denies that the Plaintiff is entitled to any relief in this case, including but not limited to the relief sought in this paragraph of the Complaint.

Wherefore, Defendant requests that the Plaintiff's complaint be dismissed and Defendant be awarded his costs.

### AFFIRMATIVE DEFENSES

1. The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

2. No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

3. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107 and 8108.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the immunity provisions of 14 M.R.S.A. § 8103.

5. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

6. The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

7. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

8. The Plaintiff's claims are barred for the reason that the Defendant is are not liable under a theory of *respondeat superior* for the actions of its agents or employees.

9. The Plaintiff's claims are barred for the reason that Plaintiff has failed to identify an official policy, custom or practice which has been adopted by the Defendants.

10. The Plaintiff's claims are barred for the reason that the Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

11. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

12. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

13. To the extent that the Plaintiff seeks injunctive or declaratory relief, he has no standing.

14. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

15. The Plaintiff's Complaint, in whole or in part, fails to state justiciable claims.

16. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate his damages.

17. The Plaintiff's Complaint is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915.

18. The Plaintiff's claims are barred, in whole or in part, by the exhaustion of remedies provisions in 42 U.S.C. § 1997(e). *Porter v. Nussle*, 534 U.S. 516 (2002).

19. The Plaintiff's claims are barred, in whole or in part, to the extent they are not based upon physical injury.

20. The Plaintiff's Complaint, in whole or in part, fails to state a cognizable claim under the Prison Litigation Reform Act.

21. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

22. The Prison Rape Elimination Act of 2003 does not provide for a private cause of action and therefore the Plaintiff's Complaint fails to state a plausible claim for relief pursuant to that statute.

23. Defendant reserves the right to assert any affirmative defenses raised by the other Defendant in this matter and adopt and incorporate those defenses by reference herein.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Seymour demands judgment in his favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 23rd day of July, 2019.

BY: /s/ Elizabeth G. Stouder
Elizabeth G. Stouder

AND: /s/ Heidi J. Eddy
Heidi J. Eddy
Attorneys for Defendant Keith Seymour

RICHARDSON, WHITMAN, LARGE & BADGER
P.O. Box 9545
Portland, ME 04112-9545
(207) 774-7474
estouder@rwlb.com
heddy@rwlb.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2019, I electronically filed the Answer by Defendant Keith Seymour by using the CM/ECF system, which will provide notice to me and all other counsel of record. In addition, I hereby certify that I have today served a copy of this document on the Plaintiff by first class mail, postage prepaid, to the following address:

> Cameron Soto (MDOC #519282)
> Cumberland County Jail
> 50 County Way
> Portland, Maine 04101

|      |                          |
|------|--------------------------|
| BY:  | /s/ Elizabeth G. Stouder |
|      | Elizabeth G. Stouder     |
|      |                          |
| AND: | /s/ Heidi J. Eddy        |
|      | Heidi J. Eddy            |
|      | Attorneys for Defendant Keith Seymour |

RICHARDSON, WHITMAN, LARGE & BADGER
P.O. Box 9545
Portland, ME 04112-9545
(207) 774-7474
estouder@rwlb.com
heddy@rwlb.com