UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CAMERON SOTO,<br><br>       Plaintiff,<br><br>vs.<br><br>KEITH SEYMOUR and KEVIN JOYCE,<br><br>       Defendants | Civil No. 19-00269-JDL |

### DEFENDANT KEVIN JOYCE'S MOTION TO DISMISS, WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7, Defendant Kevin Joyce hereby requests that the Court dismiss all claims against him in the Plaintiff Cameron Soto's Complaint. Mr. Soto's Complaint does not include any well-pleaded factual allegations to suggest that Mr. Joyce undertook *any* course of action pertaining to Mr. Soto – let alone a course of action that was intended to purposefully violate Mr. Soto's rights. Nor can Mr. Soto assert a private cause of action for an alleged violation of the Prison Rape Elimination Act ("PREA"). Finally, Mr. Soto does not allege any physical injury as a result of the alleged events. Based on the pleading standards in federal court, Mr. Joyce is entitled to dismissal with prejudice.

    **I.**    **ALLEGATIONS IN THE COMPLAINT**

According to the allegations in the Complaint, Mr. Soto is currently being held at the Cumberland County Jail ("the Jail"). (ECF No. 1 at PageID # 2). Moreover, Mr. Soto asserts that on April 21, 2019, while incarcerated at the Jail, he had a series of discussions with a Jail corrections officer, Keith Seymour.[1] (ECF No. 1 at PageID # 7). He invokes the following with reference to his claims in this case: the PREA, "§ 1983," and the Eighth Amendment. (ECF No. 1

at PageID # 4). In his request for relief, Mr. Soto seeks "One Million Dollars for Prisoners [sic] Pain and Suffering," along with other relief the court deems sufficient for "future pains." (ECF No. 1 at PageID # 5).

Mr. Soto's Complaint does not allege that Mr. Joyce was involved in any way in the alleged events. Moreover, the Complaint does not describe any actions by Mr. Joyce.

## II.    STANDARD OF REVIEW

The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this standard does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The United States Supreme Court has recently elaborated on this standard:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 555 and 557).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Gomes v. Univ. of Me. Sys.*, 304 F. Supp. 2d 117, 120 (D. Me. 2004). While the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor, this tenet is inapplicable to legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Supreme Court has therefore summarized the Rule 12(b)(6) test as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim

---

[1] Mr. Soto's Complaint originally contained a misspelling of Mr. Seymour's name. What is reflected in this Motion is the correct spelling.

> has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

*Id.*

The United States Court of Appeals for the First Circuit has promulgated a "two-pronged approach" for courts to employ in assessing whether allegations in a complaint satisfy the requirements articulated in *Iqbal*. *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011). First, the court must "identify the factual allegations and ... identify statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." *Id*. at 158-59 (citing *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)). The First Circuit emphasized that threadbare and speculative allegations that "fail to cross 'the line between the conclusory and the factual'" should be disregarded even though they may not state the ultimate legal conclusion. *Id.* at 159 (quoting *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007))). Second, the court must ask "whether the facts alleged would 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Iqbal*, 129 S.Ct. at 1949). The First Circuit stated that the "make or break standard" on the second prong "'is that the combined allegations, taken as true, must state a plausible, not merely conceivable, case for relief.'" *Id*. (quoting *Sepulveda-Villarini v. Department of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010)).

### III.    ARGUMENT

#### A.    THE PLAINTIFF FAILS TO ALLEGE ACTIONS BY MR. JOYCE THAT CAUSED VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS.

Mr. Soto is seeking damages for an alleged violation of his Eighth Amendment rights. Mr. Soto's constitutional claim therefore implicates 42 U.S.C. § 1983.

Pursuant to Section 1983, a claim for relief may be asserted only against those persons who, "under color of law," act to deprive another of "rights, privileges, or immunities" secured by either the United States Constitution or federal statutes. § 1983; *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 402-03 (1997) (citing and quoting Section 1983). The United States Court of Appeals for the First Circuit has elaborated on this standard:

> In assessing the imposition of liability under section 1983, we must first ask "(1) whether the conduct complained of was committed by a person acting under the color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." There are two aspects to this second inquiry: "(1) there must have been a *deprivation* of federally protected rights, privileges or immunities, and (2) the conduct complained of must have been *causally connected* to the deprivation."

*Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir. 1989) (citations omitted) (emphasis in original). The United States Supreme Court has emphasized that Section 1983 "is not itself a source of substantive rights, 'but merely provides a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 389-94 (1989) (citation omitted).

Mr. Soto's complaint does not state a plausible constitutional violation against Mr. Joyce. The Complaint does not aver that Mr. Joyce was involved in any of the alleged events. In fact, the narrative portion of the Complaint does not refer to any actions taken by Mr. Joyce. Therefore, regardless of whether Mr. Soto's allegations state any plausible claim against anyone else, they do not state a plausible claim against Mr. Joyce. Mr. Joyce is entitled to dismissal with prejudice.

## B.     THE PREA DOES NOT AFFORD THE PLAINTIFF A PRIVATE RIGHT OF ACTION.

Mr. Soto mentions the PREA in conjunction with his claims. To the extent Mr. Soto is relying upon that statute as a basis for relief, his reliance is misplaced. "'Nothing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of

4

action by an inmate.'" *Gagnon v. Fitzpatrick*, 2015 U.S. Dist. LEXIS 150033, *6 (D. Me. Nov. 4, 2015) (quoting *Amaker v. Fischer*, 2014 U.S. Dist. LEXIS 136117 at *32 (W.D.N.Y. Sept. 24, 2014) (collecting cases)); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-85 (2002) (requiring an unambiguously-conferred right to support a cause of action brought under Section 1983); *Krieg v. Steele*, 599 Fed. Appx. 231, 232-33 (5th Cir. 2015) (affirming dismissal of claim asserted under PREA). Accordingly, Mr. Soto's PREA claim against Mr. Joyce fails as a matter of law and must be dismissed with prejudice.

      **C.**     **THE PLAINTIFF'S CLAIMS DO NOT SURVIVE THE THRESHOLD LIMITATION IN THE PRISON LITIGATION REFORM ACT.**

Mr. Soto claims that his Eighth Amendment rights were violated during his incarceration at the Jail. He seeks monetary damages for "pain and suffering," but he does not allege that any physical contact occurred or that he was injured physically in any way.

As an inmate of the Jail, Mr. Soto's claim is subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The PLRA provides in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." § 1997e(e). As this Court has noted, "Congress's general purpose in passing the PLRA was to discourage the filing of claims that are unlikely to succeed." *Rodriguez v. Leeman*, 2001 U.S. Dist. LEXIS 17684, *7 (D. Me. Oct. 29, 2001) (citing *Crawford-El v. Britton*, 523 U.S. 574, 596-97 (1998)). An allegation of "serious psychological pain" – without an allegation of physical injury – is insufficient to meet the requirements of the PLRA. *See id*. at *7-8.

Mr. Soto's allegations do not survive application of the PLRA. While Mr. Soto seeks damages for "pain and suffering," the Complaint does not allege either physical contact or physical injury. As such, his allegations do not satisfy the threshold limitation in Section

5

1997e(e).[2] Therefore, Mr. Soto's claims against Mr. Joyce should be dismissed with prejudice on that independent basis.

## IV. CONCLUSION

For the reasons set forth above, Defendant Kevin Joyce requests that the Court dismiss the claims against him in the Complaint with prejudice for failure to state a claim upon which relief could be granted.

Dated at Portland, Maine this 30th day of July, 2019.

|  | Attorneys for Defendant Kevin Joyce |
|---|---|
|  | MONAGHAN LEAHY, LLP |
|  | 95 Exchange Street, P.O. Box 7046 |
|  | Portland, ME 04112-7046 |
|  | (207) 774-3906 |
|  | jwall@monaghanleahy.com |
| BY: | /s/ John J. Wall, III |
|  | John J. Wall, III |

---

[2] That Mr. Soto does not allege physical injury is apparent. Mr. Soto's failure to allege physical contact precludes any possibility that his claims arise out of a "sexual act," as that term is defined by 18 U.S.C. § 2246. The definition in Section 2246(2) requires physical contact of some sort to constitute a "sexual act." *See* § 2466 (2)(A-D).

## CERTIFICATE OF SERVICE

   I hereby certify that on July 30, 2019, I electronically filed **Defendant Kevin Joyce's Motion to Dismiss, With Incorporated Memorandum of Law** using the CM/ECF system, which will serve notice on me and the following counsel of record: hhart@rwlb.com; estouder@rwlb.com.  In addition, I hereby certify that I have served a copy of this document on the Plaintiff by first class mail, postage prepaid, to the following address:

  Cameron Soto
  #519282
  Cumberland County Jail
  50 County Way
  Portland, ME 04102

   Dated at Portland, Maine this 30th day of July, 2019.

         Attorneys for Defendant Kevin Joyce
         MONAGHAN LEAHY, LLP
         95 Exchange Street, P.O. Box 7046
         Portland, ME 04112-7046
         (207) 774-3906
         jwall@monaghanleahy.com
   BY: /s/ John J. Wall, III
         John J. Wall, III