UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| CAMERON SOTO,           | )                      |
|                         | )                      |
|    Plaintiff | )                  |
|                         | )                      |
| v.                      | )    2:19-cv-00269-JDL |
|                         | )                      |
| KEITH SEYMOUR, et al.,  | )                      |
|                         | )                      |
|    Defendants | )                 |

## RECOMMENDED DECISION ON MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS

In this action, Plaintiff, an inmate at the Cumberland County Jail, alleges that Defendants violated his constitutional rights and the Prison Rape Elimination Act, 42 U.S.C. §§ 30301 et seq., during an encounter on April 21, 2019, at the jail. (Complaint, ECF No. 1.) The matter is before the Court on Defendant Kevin Joyce's motion to dismiss and Defendant Keith Seymour's motion for judgment on the pleadings. (ECF Nos. 12, 14.) Plaintiff has not filed an objection to the motions.[1]

After review of the complaint and Defendants' motions, I recommend the Court grant the motions.

---

[1] Although District of Maine Local Rule 7(b) permits the Court to treat a party's failure to oppose a motion to dismiss as a waiver of objection, where the record before the Court permits the assessment of the merits of the motion, the failure to oppose should not be determinative. *See*, *e.g.*, *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("[A] court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default."); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003) ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.")

## BACKGROUND

The facts set forth below are derived from Plaintiff's complaint. (ECF No. 1.) Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss.[2] *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017). Similarly, when assessing the motion for judgment on the pleadings, the Court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of Plaintiff. *Frappier v. Countrywide Home Loans, Inc.*, 750 F.3d 91, 96 (1st Cir. 2014).

Plaintiff alleges that on April 21, 2019, while he was an inmate at the Cumberland County Jail, he noticed that the toilet in his cell was backing up with waste from the adjacent cell and was overflowing onto his cell floor. Plaintiff asserts that he alerted a correctional officer, Defendant Seymour, of the situation and requested agents to clean his cell. When Defendant Seymour refused to provide the cleaning agents, Plaintiff claims he requested a grievance form to complain. Plaintiff alleges that Defendant Seymour then proceeded to make inappropriate and sexually suggestive comments to him.

Plaintiff makes claims against the Defendants pursuant to the Prison Rape Elimination Act (PREA), 42 U.S.C. §§ 30301 et seq., the Civil Rights Act, 42 U.S.C. § 1983, and the Eighth Amendment.

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.*

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is "ordinarily accorded much the same treatment" as a motion to dismiss for failure to state a claim. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006). Thus, to survive a Rule 12(c) motion, as with a 12(b)(6) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See*

3

*also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim."). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## DISCUSSION

### A. The Prison Litigation and Reform Act

Both defendants argue that Plaintiff's claims do not survive scrutiny under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. The PLRA prevents an inmate from asserting a claim for mental or emotional injury without a showing of physical injury or the commission of a sexual act as defined by 18 U.S.C. § 2246. 42 U.S.C. § 1997e(e). Given that Plaintiff has not alleged a physical injury or the commission of a sexual act, Plaintiff cannot recover monetary damages for his alleged mental or emotional injury. *See id.*; *Robinson v. Landry*, No. 2:15-cv-58-DBH, 2015 WL 4077297, at *2 (D. Me. July 6, 2015) ("Although the First Circuit has avoided ruling on section 1997e(e)'s applicability to constitutional claims …, I conclude that the plain language makes Robinson's anxiety and emotional distress claim futile.") (footnote omitted) (citing *Thompson v. Carter*, 284 F.3d 411, 416-17 (2d Cir. 2002)). To the extent, however, that Plaintiff seeks relief other than money damages and to the extent that Plaintiff maintains that the conditions of his cell caused a physical reaction/injury, I will address Plaintiff's substantive allegations.

4

### B. Plaintiff's Claims Under the PREA

The Prison Rape Elimination Act (PREA) "does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008).

> The Prison Rape Elimination Act of 2003 ("PREA"), was enacted to address the problem of rape in prison by creating a commission to study the issue and to develop national standards for the detection, prevention, reduction and punishment of prison rape. 42 U.S.C. § 15601. Nothing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate.

*Gagnon v. Fitzpatrick*, 1:15-cv-00355-JDL, 2015 WL 8601316, at *2 (D. Me. Nov. 4, 2015) (quoting *Amaker v. Fischer*, No. 1:10-cv-00977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014) (collecting cases)). Because PREA does not establish a private cause of action, Plaintiff has not and cannot state a claim against either defendant based on an alleged violation of PREA.

### C. Plaintiff's Claims Under 42 U.S.C. § 1983

The Court's jurisdiction over Plaintiff's claims under the Eighth Amendment is based on 42 U.S.C. § 1983, which provides a civil action to any person deprived of a federal right by a state actor. Pursuant to § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker*, 443 U.S. at 144 n.3). To maintain a claim under § 1983, a plaintiff must allege: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Furthermore, to the extent Plaintiff asserts a § 1983 claim against an individual defendant, Plaintiff's allegations must support a finding that the individual, through his or her individual actions, violated Plaintiff's constitutional rights. *Ashcroft,* 556 U.S. at 676–77. In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant.

### 1. **Plaintiff's § 1983 Claims Against Defendant Seymour**

To the extent Plaintiff attempts to recover for the offensive statements allegedly made by Defendant Seymour, Plaintiff's claim fails. "The First Circuit has established that '[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'" *Badger v. Correct Care Sols.*, No. 1:15-CV-00517-JAW, 2016 WL 1430013, at *4 (D. Me. Apr. 11, 2016) (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *abrogated on other grounds*, *Martinez v. Cui*, 608 F.3d 54 (1st Cir. 2010)). *See also Siglar v. Hightower*, 112 F.3d 191,

193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."). As the Court in *Lapomarda v. Skibinski*, Civil No. 9-377-P-H, 2009 WL 4884500 (D. Me. Dec. 10, 2009), explained, "'[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.'" *Id.*, 2009 WL 4884500, at *3 n.2 (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). Plaintiff's claim for damages based on Defendant Seymour's statements thus are not actionable.

To the extent Plaintiff seeks to assert a claim based on the condition of his cell following the overflow caused by the toilet in the adjacent cell, Plaintiff's claim also fails. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). Under the Eighth Amendment, prison conditions cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

While unsanitary conditions of confinement can constitute cruel and unusual

punishment, actionable cases involve prolonged exposure to unsanitary conditions, which exposure at minimum consisted of multiple days. *Hutto v. Finney,* 437 U.S. 678, 686 – 87 (1978) ("[T]he length of confinement cannot be ignored .... A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months."); *See*, *e.g.*, *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (three days in proximity to human waste without adequate cleaning supplies deemed sufficient to state a non-frivolous claim); *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (affirming entry of summary judgment where plaintiff was subjected to an overflowed toilet for four days).

Here, Plaintiff has not alleged any facts to suggest that he was subjected to unsanitary conditions for a duration that would support a deliberate indifference claim. Plaintiff thus has failed to assert an actionable claim based on the conditions of his confinement.

### 2. Plaintiff's § 1983 Claim Against Defendant Joyce

Defendant Joyce is the Sheriff of Cumberland County. Plaintiff does not allege that Defendant Joyce was directly involved in the incident about which he complains. Plaintiff's claim, therefore, is apparently based on Defendant Joyce's role as Defendant Seymour's superior.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft*, 556 U.S. at 676. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

the Constitution." *Id.* "This does not mean, however, that for section 1983 liability to attach, a supervisor must directly engage in a subordinate's unconstitutional behavior." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 515 (1st Cir. 2016).

> A supervisory liability claim under section 1983 has two elements: the plaintiff must plausibly allege that "one of the supervisor's subordinates abridged the plaintiff's constitutional rights" and then forge an affirmative link between the abridgement and some action or inaction on the supervisor's part.

*Parker v. Landry*, 935 F.3d 9, _ (1st Cir. 2019) (quoting *Guadalupe-Baez*, 819 F.3d at 514).

Plaintiff has not asserted facts that would satisfy either element. As explained above, Plaintiff has not alleged an actionable claim against Defendant Seymour, Defendant's subordinate. Even if Plaintiff had asserted a claim against Defendant Seymour, Plaintiff has not alleged a basis for Defendant Joyce's liability.

Liability for a supervisor "may attach 'if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) (quoting *Camilo–Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir.1999)); *see also Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (liability for "supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference" toward unconstitutional conduct of others) (quoting *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 902 (1st Cir. 1988). To state a claim of deliberate indifference, a plaintiff must allege (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) the defendant's failure to take easily available

measures to address the risk. *See Figueroa-Torres v. Toledo-Davila*, 232 F.3d 270, 279 (1st Cir. 2000). Even if a complaint alleges "facts plausibly showing deliberate indifference, the plaintiff must also allege facts giving rise to a causal nexus between the supervisor's acts or omissions and the subordinate's misconduct." *Parker*, 935 F.3d at _. "In other words, a supervisor's deliberate indifference must lead in a straight line to" the alleged constitutional violation. *Id.*

Plaintiff has made no specific allegation against Defendant Joyce and the allegations do not support an inference that Defendant Joyce acted with deliberate indifference toward any unconstitutional conduct directed to Plaintiff. Plaintiff, therefore, has failed to assert an actionable claim against Defendant Joyce under § 1983.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant Defendant Joyce's motion to dismiss (ECF No. 12), and that the Court dismiss Plaintiff's claims against Defendant Joyce. I further recommend the Court grant Defendant Seymour's motion for judgment on the pleadings (ECF No. 14), and that the Court enter judgment in favor of Defendant Seymour.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of September, 2019.